The People of the State of New York, Respondent,
against
Delores Graham, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, J. at plea; Tamiko A. Amaker, J. at sentencing), rendered September 13, 2012, convicting her, upon a plea of guilty, of petit larceny, and imposing sentence.




Per Curiam.
Appeal from judgment (Alexander M. Tisch, J. at plea; Tamiko A. Amaker, J. at sentencing), rendered September 13, 2012, held in abeyance, motion by assigned counsel to be relieved denied without prejudice to renewal, and counsel directed to communicate with defendant forthwith concerning her willingness or unwillingness to seek vacatur of her plea and the possible consequences of pursuing an appeal, and advising her that she has 60 days from the date of this order to file a pro se supplemental brief.
Assigned counsel filed an Anders-Saunders brief (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1976]) in which she indicated that, although it "might be possible to argue on appeal" that the court did not properly inform defendant "of all the trial rights she was giving up," defendant "has not confirmed" that she accepted the risks "associated with plea withdrawal" and "therefore, we cannot raise that issue on her behalf." Attached to the brief was counsel's letter to defendant informing her, contrarily, that since the "conviction . . . does not present any legal issues . . . there are no viable arguments we can make on appeal." Given the conflict between counsel's brief and the accompanying letter, and in the absence of any representation by counsel regarding any prior discussion(s) or communique(s) she may have had with or sent to defendant, it is unclear whether counsel effectively communicated to defendant the substance of the brief, the nature of the potentially viable issue referenced therein, or the risks involved in pursuing this issue on appeal. The uncertainty thus created "raises ambiguities failing to meet the requirements" of the Anders rule (see People v Calderon, 107 AD3d 470 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2019